(28 Misc. Rep. 195.)

### LEARY v. HEGEMAN et al.

#### (Supreme Court, Appellate Term. June 28, 1899.)

1. SALES—FAILURE IN DELIVERY—RECOVERY OF PURCHASE MONEY.

Where plaintiff, who purchased goods of defendant, and paid part of the price, assisted third persons in seizing the goods before they could be delivered, he cannot recover the amount paid.

2. SAME.

Plaintiff purchased of defendant two lots of lithographs, one of which was to be manufactured, and paid part of the price of both lots. Before the manufactured lot could be delivered, it was seized for infringement of copyright. In an action for the amount paid, held, that plaintiff could not recover the amount paid on the lot which was not seized, and which was ready for delivery on the payment of the balance of the price of such lot.

3. SAME.

Plaintiff, who purchased lithographs, and paid part of the price, knowing that the lithographs infringed copyrights, and would be seized before delivery, cannot recover the purchase money on the ground of mistake, merely because he thought his money would be returned, as the mistake was one of law.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Dennis Leary against Frederick T. Hegeman, Samuel M. Frendenburg, and Richard R. Russland. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Franklin Bien, for appellants.
Purdy & Jacobson, for respondent.

MacLEAN, J. On March 30, 1897, the plaintiff, as appears by a memorandum offered by him at the trial, bought from the defend-

ants certain lithographs of the value or price of $100, and paid $15, leaving as balance, $85, thereon; and also another, herein to be called the "second lot," of the value of $60. The lithographs of the first lot were printed, and in stock, but he did not take them, because, as he says, he was not then ready to ship them. Those of the second lot were not in stock, and he was told a few days afterwards that they would not be printed, to be left on the hands of the defendants, unless he made a further payment. Then, on April 8th, he paid $25, and those of the second lot were to be and were printed for delivery April 10th. On that day the plaintiff came, ostensibly for the goods. At the same time came the United States marshal, who seized the second lot for alleged infringement of copyright, under a writ issued principally upon information furnished by the plaintiff himself in an affidavit verified by him April 5th, or three days before the last payment, of $25. The learned justice rendered judgment in favor of the plaintiff for the amount of the two several sums paid by him as for money had and received by defendants for or on behalf of the plaintiff. This was error, for the plaintiff could not recover back in this action, and upon the evidence, either sum. The sum first paid was a partial payment for a lot of merchandise, which he might have had, by payment of the balance, at any time, even on the day of the trial. The second he paid to procure the manufacture of another lot of goods, which, after the manufacture, so procured, and payment of the balance of the purchase money, he might have had, had he not brought about, or assisted in bringing about, another and forcible disposition of them. Both sums he paid with full knowledge of the facts. Indeed, only he had such knowledge. He cannot ask for relief because of any mistake of fact. He did claim upon the stand that he expected to get his goods back. If he told the truth, that merely shows he was mistaken as to the law,—a mistake from which he cannot be relieved. The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.

FREEDMAN, P. J., concurs; LEVENTRITT, J., in result.